IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> DESTINATOR TECHNOLOGIES INC., *et al.*,[1] <br><br> Foreign Applicants in Foreign Proceeding. | Chapter 15 <br><br> Case No. 08-11003 (CSS) <br><br> Jointly Administered |

Re: O.I. 41

## ORDER GRANTING RECOGNITION AND RELIEF IN AID OF FOREIGN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1517, 1520 AND 1521

This matter was brought before the Court to consider the Verified Petition for Recognition which was filed for each of the Foreign Applicants, as defined below (collectively, the "**Chapter 15 Petitions**") pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "**Bankruptcy Code**") commencing the above-captioned chapter 15 cases (collectively, the "**Chapter 15 Cases**") filed on May 20, 2008, by RSM Richter Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Destinator Technologies Inc. (Canada), DESTINATOR TECHNOLOGIES INC., and Destinator Technologies Intellectual Properties Inc. (together, the "**Foreign Applicants**"), in proceedings (the "**Canadian Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**"). This Court entered an Order (the "**Emergency Order**") on May 20, 2008, (A) imposing a stay of all proceedings against the Monitor, the Foreign Applicants, their business and property, and their

---

[1] The Foreign Applicants in these proceedings are: Destinator Technologies Inc. (Canada) (Tax ID No. XX-XXX4969); DESTINATOR TECHNOLOGIES INC. (Tax ID No. XX-XXX3351); and Destinator Technologies Intellectual Properties Inc. All three Foreign Applicants are located at 95 Mural Street, 6th Floor, Richmond Hill, Ontario L4B 3G2, Canada. Destinator Technologies Inc. (Canada) was formerly known as Homeland Security Technology Corporation Canada Inc. DESTINATOR TECHNOLOGIES INC. was formerly known as Homeland Security Technology Corporation. Destinator Technologies Intellectual Properties Inc. was formerly known as PRAV Intellectual Properties Inc. and HSTC Intellectual Properties Inc.

former, current and future directors and officers, to the extent provided in the Initial Order of the Ontario Court (the "**Initial Order**") and filed with this Court upon the commencement of these cases, and (B) authorizing the Foreign Applicants to incur a portion of the indebtedness authorized by the Initial Order in order to avoid immediate and irreparable harm to the Foreign Applicants' estates. After notice and a hearing, this Court entered on May 23, 2008, an order (the "**Provisional Order**") enforcing the Initial Order in the United States, and thereby (A) approving the procedures leading to sale of the Foreign Applicants' assets, (B) authorizing the Foreign Applicants to borrow the remainder of the financing authorized by the Initial Order, subject to the Monitor's supervision and control and (C) extending the stay obtained by the Emergency Order to the full extent set forth in the Initial Order, due and timely notice of the filing of the Chapter 15 Petitions was given in accordance with this Court's order dated May 20, 2008, approving the form of notice and manner of service thereof (the "**Notice Order**"), which notice is deemed adequate for all purposes such that no other or further notice thereof need be given. The Court has considered and reviewed the other pleadings and exhibits submitted by the Monitor in support of the Chapter 15 Petitions (collectively the "**Supporting Papers**"), and no objections to the Chapter 15 Petitions were filed. After due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

(A) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501.

(B) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

(C) Venue is proper in this District pursuant to 28 U.S.C. §§ 1410(1) and (3).

(D) The Monitor is a person within the meaning of section 101(41) of the Bankruptcy Code is the duly appointed foreign representative of each of the Foreign Applicants within the meaning of section 101(24) of the Bankruptcy Code.

(E) The Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

(F) The Chapter 15 Petitions meet the requirements of section 1515 of the Bankruptcy Code.

(G) The Canadian Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

(H) The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

(I) The Canadian Proceeding is pending in Canada, which is the location of the Foreign Applicants' center of main interests, and as such, is a foreign main proceeding pursuant to section 1502(4) of the Bankruptcy Code and entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

(J) The Monitor is entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code without limitation.

(K) The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to section 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of granting that relief.

(L) The interest of the public will be served by this Court's granting of the relief requested by the Monitor.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Canadian Proceeding is hereby recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

2. All provisions of section 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of these chapter 15 cases or until otherwise ordered by this Court.

3. The Provisional Order of this Court shall continue in effect in accordance with its terms.

4. Notice of entry of this Order shall be served on or before June __11__, 2008, in accordance with the Notice Order.

5. Service in accordance with this Order shall constitute adequate and sufficient service and notice of this Order.

6. The Chapter 15 Petitions and the Supporting Papers shall be made available by the Monitor through its website at http://www.rsmrichter.com or upon request at the offices of Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020 to the attention of Tania Ingman, (212) 756-1199, Chapter15.Destinator@allenovery.com.

7. Notwithstanding Rule 7062 of the Federal Rules of Bankruptcy Procedure, made applicable to these Chapter 15 Cases by Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated: Wilmington, Delaware
June 6, 2008

_____
UNITED STATES BANKRUPTCY JUDGE